UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| POWER PROBE GROUP INC. and POWER PROBE TEK, LLC,<br><br>  Plaintiffs/Counter-Defendants,<br><br>v.<br><br>INNOVA ELECTRONICS CORPORATION,<br><br>  Defendant/Counterclaimant. | Case No. 2:21-cv-00332-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Defendant Innova Electronics Corporation's Motion for Leave to Amend Non-Infringement, Invalidity, and Unenforceability Contentions.[1] ECF No. 68. The issue before the Court is whether, pursuant to well settled law, Innova demonstrates good cause for and was diligent in bringing its Motion for Leave to Amend and, if so, whether such amendment would prejudice Plaintiff.

In sum, Defendant argues that Power Probe Group, Inc. and Power Probe TeK, Inc. ("Power Probe" or "Plaintiff") first revealed and argued a reduction to practice date of its U.S. Patent No. 7,184,899 (the "899 Patent") on July 23, 2021, when Power Probe filed its reply brief in support of the then-pending Motion for Preliminary Injunction. Defendant contends that until Plaintiff made this argument and revealed the reduction to practice, Defendant produced no evidence of the reduction to practice in its mandatory Local Patent Rule ("LPR") 1-6 or 1-7 disclosures. In contrast, Plaintiff contends, that Defendant's representations are just wrong and that Defendant is being disingenuous with the Court.

**I.  Standard**

The District of Nevada's Local Patent Rules require the detailed disclosure of asserted claims and infringement contentions. Like similar patent rules throughout the country, the Local Patent Rules "require parties to crystallize their theories of the case early in the litigation and to adhere to

---

[1] Innova Electronics Corporation is referred to herein as "Innova" or "Defendant."

1

those theories once they have been disclosed." *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l*, Case No. C 03-1431 SBA, 2006 WL 1329997, at *4 (N.D. Cal. May 15, 2006) (internal quotations omitted);[2] *accord O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("The rules ... seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories.").[3] "Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts [under Nevada's LPRs] is decidedly conservative and designed to prevent the 'shifting sands' approach to claim construction." *Genetech, Inc. v. Amgen, Inc.*, 289 F.3d 761, 774 (Fed. Cir. 2002) (citation omitted interpreting the Northern District of California's similar patent rules).

In relevant part, Local Patent Rule 1-8 provides:

> Within 45 days after service of the Infringement Contentions, each party opposing a claim of patent infringement must serve on all other parties Non-Infringement, Invalidity, and Unenforceability Contentions that must include:
>
> (a) A detailed description of the factual and legal grounds for contentions of non-infringement, if any, including a clear identification of each limitation of each asserted claim alleged not to be present in the Accused Instrumentality;
>
> (b) A detailed description of the factual and legal grounds for contentions of invalidity, if any, including an identification of the prior art relief upon and where in the prior art each element of each asserted claim is found.... Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher ...;
>
> (c) Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification or any combinations or prior art showing obviousness;
>
> (d) A chart identifying specifically where in each alleged item of prior art each limitation of each asserted claim is found ...;

---

[2] The Local Patent Rules for the District of Nevada at issue are similar to the local patent rules adopted by the Northern District of California and the Eastern District of Texas. Accordingly, the Court considers opinions by courts of these districts concerning its local patent rules as persuasive. *See Silver State Intellectual Technologies, Inc. v. Garmin Intern., Inc.*, 32 F. Supp. 3d 1155, 1162-63 (D. Nev. 2014) (recognizing the similar designs of the District of Nevada's and Northern District of California's local patent rules); *Finisar Corp. v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 897 n.1 (E.D. Tex. 2006) ("The local patent rules for the Eastern District of Texas were modeled after the local patent rules adopted by the Northern District of California.").

[3] The Federal Circuit governs interpretation and applicability of local patent rules. *O2 Micro Int'l Ltd.*, 467 F.3d at 1364.

> (e) A detailed statement of any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) ... or failure of enablement, best mode, or written description requirements under 35 U.S.C. § 112(1) ....

Parties may amend their disclosures without seeking leave of court within 30 days of a court's claim construction order, which has not been issued in this case. LPR 1-18a. Otherwise, "no other amendments to disclosures may be made ... absent a showing of good cause." LPR 1-12. "Non-exhaustive examples of circumstances that may, absent undue prejudice to the nonmoving party, support a finding of good cause include: (a) material changes to the other party's contentions; (b) recent discovery of material prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality despite earlier diligent search." *Id.* "The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions." *Id.*

LPR 1-12's good cause standard requires the party seeking amendment to establish it acted diligently. *O2 Micro Int'l Ltd.*, 467 F.3d at 1366; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (holding, in a similar context, that the good cause standard "primarily considers the diligence of the party seeking the amendment"). If the party seeking amendment was not diligent, the Court need not determine whether the amendment would prejudice the opposing party. *O2 Micro Int'l Ltd.*, 467 F.3d at 1368. Courts with similar "good cause" standards for amendment consider whether the amendment was motivated by gamesmanship, and whether there is sufficient time left in the discovery period to allow for discovery necessitated by the amendments. *See, e.g., Zardo Prod., Inc. v. Feit Elec. Co.*, Case No. SACV 20-0101 JVS (DFMx), 2020 WL 7380465, at 5-6 (C.D. Cal. Sept. 30, 2020); *OpenDNS, Inc. v. Select Notifications Media, LLC*, Case No. C-11-05101, 2013 WL 2422623, at *3 (N.D. Cal. June 3, 2013). If diligence is established, the Court also "considers whether the opposing party would be unfairly prejudiced." *Silver State*, 32 F. Supp. 3d at 1162; *Apple Inc. v. Samsung Elecs. Co. Ltd.*, Case No. 12-cv-0630-LHK (PSG), 2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013). Enforcement of the Local Patent Rules lies within the Court's discretion. *Genetech*, 289 F.3d at 774.

The Local Patent Rules do not specify the consequences for a party's noncompliance with their disclosure requirements. However, as the Federal Circuit has observed, "the rules are

essentially a series of case management orders ... [and t]he Court may impose any just sanction for the failure to obey a scheduling order...." *O2 Micro Int'l Ltd.*, 467 F.3d at 1363 (internal citations and quotations omitted). "The Ninth Circuit and [the Federal Circuit] have concluded that the exclusion of evidence is often the appropriate sanction for the failure to comply with [case management] deadlines." *Id.* at 1369 (citing *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1292 (Fed. Cir. 2005) (finding no abuse of discretion in exclusion of evidence pertaining to theories of claim construction and infringement not disclosed as required by the local patent rules and the court's scheduling order); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence."). Consequently, the Federal Circuit has determined that district courts may rely on local patent rules to exclude new contentions based on theories that were not raised in a defendant's initial contentions. *See id.* at 1369. "Although the result may seem harsh," the Federal Circuit generally finds no abuse of discretion when a district court applies "its rather clearly stated rule." *Howmedia Osteonics Corp. v. Zimmer, Inc.*, 822 F.3d 1312, 1324 (Fed. Cir. 2016).

**II.    DISCUSSION**

    A.    <u>Diligence</u>.

        i.    *Defendant's Timeline*.

The Court first considers whether Defendant was diligent in seeking leave to amend. The facts regarding what Defendant knew and when it should have known facts on which it bases its request for leave to amend are not agreed upon. Defendant argues collectively in its moving papers and reply the following timeline supported, in part, by the affidavit of Defendant's patent counsel located in Korea:

- Plaintiff filed its Complaint on February 26, 2021.
- This filing caused Defendant to search for prior art.
- This search report revealed the KR 20040052093 Reference (the "093 Reference"), with a publication date of June 19, 2004.
- The 899 Patent, the patent in suit, has a U.S. filing date of January 5, 2005.
- The search report also "mentioned a related reference," KR 20030306499 (the "499 Reference"), which Defendant says "was the … 499 utility model … [providing] no other information such as content or publication date …." Defendant states: "no further inquiry was made because the '093 Reference

4

- and its publication date were and are still believed to be sufficient to invalidate the '899 [P]atent."[4]
- On April 20, 2021, Defendant's Korean patent attorney instructed the firm Nam & Nam to provide a translation of the 093 Reference.
- On April 26, 2021, Korean defense counsel emailed "the Innova team member" telling the team member "that the 093 Reference corresponded to the" 499 Reference.[5]
- On June 4, 2021, Plaintiff filed a Motion for Preliminary Injunction that made no allegation of any reduction to practice of the invention prior to the 093 Reference publication date leading to the 899 Patent.
- On June 4, 2021, Plaintiff also served its LPR 1-6 Contentions allegedly making no mention of reduction to practice and producing no documents showing a reduction to practice as required by LPR 1-7(b).
- On June 16, 2021, Defendant's Korean counsel emailed that it "could not obtain a certified copy of the '093 [R]eference … [but could obtain] a certified copy of the '499 [R]eference, a utility model register, which is the same as that of … [the] … 093 [Reference] …." The Korean version of the 499 Reference was attached to the email without a publication date.[6]
- Defendant timely served its Disclosure of Non-Infringement, Invalidity, and Unenforceability Contentions on July 19, 2021 in accordance with LPR 1-8 and 1-9.
- On July 23, 2021, Plaintiff first made a "new 'reduction to practice' argument" in its Reply in Support of its Motion for Preliminary Injunction, which included reference to reduction to practice of the invention claimed in the 899 Patent based on CAD drawings that Plaintiff "recently produced (without any mention or contention of later-alleged reduction to practice), and which Innova opened by downloading eDrawings, a computer application used by designers."[7]
- Defendant states that Plaintiff "attempts to establish reduction to practice through alleged metadata of those CAD files are without merit since the eDrawings program does not show metadata."[8]
- In response to the July 23, 2021 new reduction to practice argument made by Plaintiff, Defendant did an "additional investigation."[9]
- On July 27, 2021, the March 3, 2008 publication date of the 499 Reference was "identified and determined to be relevant and non-duplicative as additional invalidating prior art …."[10]
- On approximately August 2, 2021, Korean counsel emailed Defendant confirming that the 499 Reference was published on March 8, 2003. This was the first and only time the publication date was provided by Korean counsel to Defendant.[11]
- A certified translation of the 499 Reference was received by Defendant on August 4. 2021, and the Motion for Leave to Amend was filed two days later on August 6, 2021.[12]

---

[4] ECF No. 70 at 2.
[5] *Id*. ¶ 3.
[6] *Id*. ¶¶ 4-5.
[7] ECF No. 90 at 4.
[8] *Id*. and *id*. n.10 *citing* ECF No. 61 ¶ 56 (the Declaration of Roland Hoover, Plaintiff's expert, who confirmed that the eDrawings program does not display metadata.
[9] ECF No. 70 at 3.
[10] *Id*.; *see also* ECF No. 90 at 4.
[11] ECF No. 90-1 ¶¶ 6-7.
[12] ECF No. 70 at 3.

5

### ii. Plaintiff's timeline.

Plaintiff argues that Defendant "readily *admits* that the '499 Reference has long been in its possession and that … [Defendant] *chose* not to include it in its LPR 1-8 Invalidity Contentions." ECF No. 80 at 1 (emphasis in original). Plaintiff also argues Defendant has engaged in willful misstatements and "*objectively false*" statement of fact[13] by contending the following:

- Defendant fails to identify any basis why it could not have cited the 499 Reference in its contentions.[14]
- On June 4, 2021, Plaintiff served over "***four hundred*** documents evidencing reduction to practice prior to the filing date of the '899 Patent."[15] Plaintiff further contends that Exhibit D produced to Defendant includes a table "identif[ing] by production number the documents that correspond to each category."[16]
- In contrast to Defendant's contentions above, Plaintiff says the "CAD files and machine code were produced in native format and include metadata evidencing creation and last-modified dates, all prior to January 5, 2005."[17]
- Plaintiff argues that its "massive LPR 1-7(b) document production of June 4, 2021, and its LPR 1-7(e) tables were abound with early technical documents and metadata[] intended … to put Defendant on actual notice."[18]
- In its analysis Plaintiff reiterates the above while focusing on the fact that Defendants admits it knew of the 499 Reference as a result of the search report received after Plaintiff filed its Complaint and "made no 'further inquiry.'"[19]

---

[13]   ECF No. 80 at 2 (emphasis in original).
[14]   *Id*.
[15]   *Id*. at 3 (citing Exhibit 1, the Declaration of Cecilia Sidebottom, ¶¶ 5-9, further citing Exs. C, D, E, F, and G). The Court reviewed these documents and found Exhibit C was comprised of two undated video and thousands of inaccessible pages of documents. Documents were inaccessible because the PDFs were placeholders and the "native" documents were in a proprietary format that could not be opened by the Court. Further, Exhibit C contained over 1,000 pages of documents none of which are identified by Plaintiff as corresponding to the alleged 400 pages evidencing reduction to practice produced to Defendant. Thus, the Court was left to guess that the alleged 400 pages were included among the 1,000 the Court could not open. Exhibit D is a privilege log that lists documents by Bates Number with no descriptions. Exhibit E is an email that lists the attachments to that email. Exhibit F is a five page activity log that does not contain any documents demonstrating prior art. Exhibit G is the Declaration of Plaintiff's expert, Roland Hoover, in which he states he could download documents "using the ShareFile Link" and that he "was able to view and inspect the Early Technical Documents, which included over 500 PDFs and over 400 CAD drawings of what appears to be a circuit tester" and that "some files … had 'Created' and 'Last Saved' dates as early as 2002 …" ECF No. 83-2 ¶ 8. Mr. Hoover goes on to state that the date modified on what he downloaded was May 19, 2021 (albeit he does not state when this was provided to Defendant or if this was before Plaintiff's June 4, 2021 initial disclosures or part of the documents produced pursuant to LPR 1-7(e) as shown on Exhibit E). Mr. Hoover then references one document with a "DATE of 7-22-04" and state he "did NOT need to use SolidWorks® to view this (and other) PDF documents." *Id*. ¶ 16 (emphasis in original). However, Mr. Hoover admits that he, like the Court, did have to go to the "native" documents because the folder in which he was viewing PDF documents contained numerous documents that were only placeholders. *Id*. ¶¶ 17-18. The expert had to use SolidWorks® to open these files. *Id*. ¶ 19.
[16]   As stated, Exhibit D appears to be a privilege log providing no information regarding categories of documents.
[17]   *See* ECF No. 80 at 3. The Court was not able to verify this fact, although Plaintiff provides a single page example of such a drawing (ECF No. 83-3) with a "Date" of "6-3-04," 15 days before the 093 Reference was published.
[18]   *Id*.
[19]   *Id*. at 9, 10, 12, 13. Plaintiff also walks through a navigated Korean Patent Office English website showing that by inputting the 499 Reference, Defendant could have obtained the publication date. *Id*. 14-15.

### iii.     Analysis of Diligence.

It is undisputed that sometime following February 26, 2021, Defendant received a search report that identified the 093 Reference and "mentioned … a related reference"—the 499 reference.[20] The exact date this search report was received by Defendant is unknown. It is also undisputed that on April 26, 2021, Defendant's Korean counsel emailed Defendant and told Defendant that the 093 Reference corresponded to the 499 Reference.[21] Thus, it is reasonable to conclude that Defendant received the search report sometime before April 26, 2021. There is no factual dispute that Defendant did not research the 499 Reference until Plaintiff raised this Reference, in a reduction to practice argument, in its July 23, 2021 Reply in Support of Preliminary Injunction. Plaintiff served its LPR 1-6 Contentions on June 4, 2021, and Defendant timely served its Disclosure of Non-Infringement, Invalidity, and Unenforceability Contentions on July 19, 2021 making no mention of the 499 Reference because, Defendant argues, Plaintiff "failed to articulate any argument that it reduced the 899 Patent's invention to practice prior to publication of the '093 Reference" until its Reply in support of Preliminary Injunction was filed on July 23, 2021. ECF No. 70 at 8.

Thus, the evidence before the Court (as opposed Plaintiff proffered supposition) at worst shows that Defendant waited approximately four months to commence its search of the 499 Reference (measured from sometime after receiving the search report, presumably in March 2021, until July 2021), and at best shows Defendant waited approximately two months to commence its search of the 499 Reference (measured from June 4, 2021, when Plaintiff says it produced documents evidencing this prior art, until late July 2021). However, whether a four month period or a two month period, Plaintiff does not point to—and the Court cannot find—any authority that suggests the length of time between notice and research is determinative of diligence. Plaintiff also does not point to any law indicating that any particular time period is *per se* unreasonable. Rather, the circumstances surrounding amendment, and when the amendment takes place, within the course of the case, are important factors for the Court to consider.

---

[20]  ECF No. 70 at 2.
[21]  ECF No. 90-1 ¶ 3.

7

Here, the Court finds that Defendant acted as diligently as the Rules require under the circumstances of this case. Defendant's leave to amend its invalidity contentions was filed with reasonable promptness after obtaining information confirming the existence of alleged reduction to practice. The Motion for Leave to Amend was filed before any claim construction hearing occurred or order was issued. This Motion was also filed before the Court denied Plaintiff's Motion for Preliminary Injunction. ECF No. 101. Further, Plaintiff's Motion for Leave to Amend was filed before the currently pending (i) Motion to Stay the Case was filed by Defendant (ECF No. 106);(ii) Motion for Leave to File a First Amended Complaint was filed by Plaintiff (ECF No. 111); (iii) Motion for Leave to File Amended Answer, Amended (Affirmative Defenses) and Second Amended Counterclaim was filed by Defendant (ECF No. 112); and (iv) Motion for Leave to Serve Amended Infringement Contentions was filed by Plaintiff(ECF No. 114). The Court also notes that the expert discovery cutoff is not until June 27, 2022, many months away.

In sum, the totality of the above information demonstrates that this is not an instance where Defendant's amendment is motivated by gamesmanship or where Defendant seeks to improperly shift its legal arguments at the eleventh hour. Indeed, there is much more that will occur in this case before that could be said. Allowing amendment under these circumstances does not threaten the conservative rationale evinced by the Local Patent Rules.

     *iv. Analysis of prejudice.*

Having found Defendant was diligent in seeking amendment, the Court considers whether the amendment will unduly prejudice Plaintiff. To this end, Plaintiff claims its "[i]rreparable [h]arm will be [a]mplified if the Motion is [g]ranted." ECF No. 80 at 17. However, as stated above, the Court denied Plaintiff's Motion for Preliminary Injunction in September of this year; thus, at minimum signaling Plaintiff failed to allege facts demonstrating irreparable injury. ECF No. 111.

Plaintiff also argues Defendant has "consistently sought delay" by unjustifiably opposing the Preliminary Injunction briefing schedule and Plaintiff's Motion for Leave to Supplement Pleadings. ECF No. 80 at 17-18. However, Plaintiff offers no case law or citation to any authority that demonstrates Defendant's efforts to argue its point of view is an unjustifiable delay. Further, there is no evidence that the procedural argument made by Defendant in opposition to Plaintiff's efforts

to supplement its pleadings delayed the Court's decision to ultimately grant Plaintiff's Motion. ECF No. 88.

With respect to Defendant's argument regarding the Preliminary Injunction briefing schedule, Plaintiff references the District Judge's then-Courtroom Deputy who only sought to set an agreed upon hearing date by offering several date options. The document Plaintiff cites in support of its delay contention is an email from defense counsel to the Courtroom Deputy selecting a hearing date from those offered by the Court. ECF No. 79-14. While Defendant included a brief argument regarding why the hearing should not be held, there is no evidence that Defendant, who promptly responded to the Courtroom Deputy's email, delayed the hearing.

Plaintiff also argues that it will incur costs and fees if Defendant's Motion is granted. ECF No. 80 at 19. However, Plaintiff is now seeking to amend its Complaint and its infringement contentions. These amendments, if granted, will necessarily lead to additional litigation practice in this case. Plaintiff says it has consulted with individuals who no longer have ties to Power Probe (one of whom has been retired for 10 years), and that it attempted to contact the inventor of the 899 Patent who died before its Complaint was filed. A long ago retired individual and the passing of the original inventor *before* this case commenced does not support the conclusion that Plaintiff will be prejudiced by Defendant's amendment if allowed.

The same finding applies to Plaintiff's assertions regarding its efforts to prosecute this case. Plaintiff clearly knows and knew of the 499 Reference as it never disclaims this knowledge; and, in fact, Plaintiff spent a considerable number of pages arguing issues related to this Reference in its Reply in Support of Preliminary Injunction (ECF No. 57). Thus, Plaintiff's expert is also, presumably, familiar with the 499 Reference and the part it plays, if any, in the merits of this case. If, as Plaintiff asks the Court to believe, the 499 Reference is without meritorious information, it should be disposed of before the parties get to trial.

### III. Order

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Defendant Innova Electronics Corporation's Motion for Leave to Amend Non-Infringement, Invalidity, and Unenforceability Contentions. ECF No. 68 is GRANTED.

Dated this 12th day of November, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE