NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————————

**POWER PROBE GROUP, INC.,**
*Plaintiff-Appellant*

**v.**

**INNOVA ELECTRONICS CORPORATION,**
*Defendant-Appellee*

———————————————

2021-2354

———————————————

Appeal from the United States District Court for the District of Nevada in No. 2:21-cv-00332-GMN-EJY, Judge Gloria M. Navarro.

———————————————

Decided: April 12, 2022

———————————————

SAMUEL ALEXANDER LONG, JR., Shumaker, Loop & Kendrick, LLP, Charlotte, NC, argued for plaintiff-appellant. Also represented by TOM BENGERA, LUCAS D. GARBER; JAMES DANIEL BOYLE, Holley Driggs, Las Vegas, NV.

KENNETH ROBERT ADAMO, Law Office of KRAdamo, Chicago, IL, argued for defendant-appellee. Also represented by RICHARD P. BEEM, ALEX SHTRAYM, Beem Patent

Law Firm, Chicago IL; JARED M. MOSER, Marquis Aurbach Coffing, Las Vegas, NV.

_____

Before NEWMAN, LOURIE, and TARANTO, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Power Probe Group, Inc. ("Power Probe") appeals from a decision of the United States District Court for the District of Nevada denying a preliminary injunction against further sales of Innova Electronics Corporation's ("Innova") Powercheck #5420 device (the "Accused Product"). *See Power Probe Grp., Inc. v. Innova Elecs. Corp.*, No. 21-cv-332, 2021 WL 4484571 (D. Nev. Sept. 15, 2021) ("*Decision*").

Because the district court erred in its preliminary claim construction, we *vacate* its decision denying a preliminary injunction and *remand* for further proceedings consistent with this opinion.

BACKGROUND

Power Probe owns U.S. Patent 7,184,899 (the "'899 patent"). The patent is directed to an electrical test device having multi-meter functionality that measures a plurality of parameters. Independent claim 1 reads in part as follows.

> 1.   An electrical test device having multimeter functionality and being adapted to provide current sourcing to an electrical system for *selective measurement of a plurality of parameters* thereof in at least one of powered and unpowered states, the electrical test device comprising:
>
>      . . . .

'899 patent at col. 11 ll. 29–51 (emphasis added). Dependent claim 3 includes additional components used in "detecting continuity in the electrical system." *Id.* at col. 12 ll. 2–

3.  Dependent claim 10 includes an additional limitation
"wherein the parameters measurable by the test device in-
clude at least one of circuit continuity, resistance, voltage,
current, load impedance and frequency."  *Id.* at col. 12 ll.
21–24.  Dependent claim 12 further includes "a pair of sig-
nal lamps connected to the processor and configured to il-
luminate in response to continuity measurement."  *Id.* at
col. 12 ll. 52–54.

Power Probe sued Innova in the district court, alleging
that the Accused Product infringes claims 1, 2, 5–10, 12,
and 13 of the '899 patent.  Additionally, Power Probe moved
for a preliminary injunction against further sales of the Ac-
cused Product during the pendency of the litigation.

In ruling on Power Probe's motion for a preliminary in-
junction, the district court first held that "measurement"
in the claims means determining "a numerical or quantita-
tive value associated with and indicative of the parameter
under test."  *Decision* at *4.  The court then conducted a
preliminary claim construction and held that a "plurality
of parameters" means "at least two parameters."  *Id.* at *5.
The court then noted that the Accused Product measures
only one parameter, voltage.

The district court added that "continuity" is "the pres-
ence of a complete path for current flow" and cannot be di-
rectly measured but can be detected as either existing or
not.  *Id.*  Based on this determination, the court found that
the Accused Product detects, but does not measure, conti-
nuity.  Accordingly, the court denied Power Probe's motion
for a preliminary injunction because it failed to establish a
likelihood of success in proving infringement.  It did not
evaluate the other factors necessary for the grant of a pre-
liminary injunction.

Power Probe appealed the district court's denial of its
preliminary injunction motion.  We have jurisdiction pur-
suant to 28 U.S.C. §1295(a)(1).

DISCUSSION

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). An accused infringer can defeat a showing of likelihood of success on the merits by demonstrating a substantial question of validity or infringement. *See Aria Diagnostics, Inc. v. Sequenom, Inc.*, 726 F.3d 1296, 1304 (Fed. Cir. 2013). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

"The grant, denial, or modification of a preliminary injunction . . . is not unique to patent law, so this court applies the law of the regional circuit when reviewing and interpreting such a decision." *Aevoe Corp. v. AE Tech Co.*, 727 F.3d 1375, 1381 (Fed. Cir. 2013). The Ninth Circuit "review[s] the district court's grant of a preliminary injunction for abuse of discretion." *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1014 (9th Cir. 2013).

We have "built a body of precedent applying the[] general [preliminary injunction] considerations to a large number of factually variant patent cases, and [] give dominant effect to [our] precedent insofar as it reflects considerations specific to patent issues." *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 894 (Fed. Cir. 1998).

Claim construction is ultimately an issue of law, which we review *de novo*. *Shire Dev., LLC v. Watson Pharms., Inc.*, 787 F.3d 1359, 1364 (Fed. Cir. 2015). We review *de novo* the district court's findings based on evidence "intrinsic to the patent," which is all that is at issue here. *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 841 (2015).

Power Probe argues that the district court erred in holding that "continuity" is a parameter not capable of measurement. It asserts that the '899 patent's specification and the plain language of claims 10 and 12 teach that continuity is capable of measurement.

Innova responds that Power Probe forfeited its arguments because its argument on claim construction on appeal is inconsistent with its argument that there need not be any claim construction at the district court. On the merits, Innova asserts that the court did not construe "continuity" as a matter of law as "a parameter incapable of measurement," but instead found as a matter of fact that "continuity is not capable of measurement as defined because it cannot be quantified." Appellee's Br. at 16. It adds that the court properly found that resistance can be measured, and from that measurement, continuity can be determined as either existing or not.

We disagree with Innova's forfeiture argument. Innova accuses Power Probe of advancing inconsistent arguments as to the meaning of "continuity." Specifically, Innova asserts that Power Probe argues at the district court that "continuity measurement" should be afforded its plain and ordinary meaning, but that Power Probe seeks a claim construction on appeal. Power Probe responds that its positions are consistent and that the plain and ordinary meaning of "continuity measurement" is determining the measured value associated with circuit continuity.

Power Probe is correct. Following the district court's denial of its preliminary injunction motion, Power Probe filed a claim construction brief. In that brief, Power Probe argues that no construction is needed because the plain and ordinary meaning of "continuity measurement" is "determining a measured value associated with circuit continuity." *Power Probe Grp., Inc. v. Innova Elecs. Corp.*, No. 21-cv-332, ECF No. 107 at 18–22 (D. Nev. Sept. 30, 2021). On appeal, Power Probe argues that the district court erred

in not applying the proper plain and ordinary meaning of
"continuity measurement" because continuity is capable of
measurement. *See, e.g.*, Appellant's Br. at 42–43. Power
Probe's claim construction brief is not on the record before
us because it was filed after the court denied Power Probe's
preliminary injunction motion. Thus, we need not enter-
tain Innova's forfeiture argument. However, even if we do
consider Innova's argument and take judicial notice of
Power Probe's brief,[1] we find that while Power Probe's
statements in its claim construction brief and on appeal are
not verbatim identical, neither are they fundamentally in-
consistent. For these reasons, we find that Power Probe has
not forfeited its "continuity" arguments.

Turning to the merits, we also agree with Power Probe.
As a matter of lexicography, the '899 patent's specification
defines "parameters measurable by the electrical test de-
vice" as including "circuit continuity." '899 patent at col. 9
ll. 9–11. Furthermore, claim 10 specifies that one "param-
eter[] measurable by the test device" is "circuit continuity."
*Id.* at col. 12 ll. 22–23. Lastly, claim 12 requires "continuity
measurement." *Id.* at col. 12 ll. 53–54. These references
show that the inventor used the term continuity as a meas-
urable quantity. Although claim 3 recites "detecting conti-
nuity," *id.* at col. 12 l. 2, the district court wrongly assumed
that detecting continuity and measuring continuity are
mutually exclusive.

This case is similar to *Trustees of Columbia University*,
where we considered a situation where an independent
claim of a patent was directed to "[a] method for detecting
anomalous program executions." *Trustees of Columbia
Univ. in City of New York v. Symantec Corp.*, 811 F.3d
1359, 1369 (Fed. Cir. 2016). There, "[t]he district court

---

[1]    We may take judicial notice of Power Probe's claim
construction brief in the district court pursuant to
Rule 201(b)(2) of the Federal Rules of Evidence.

POWER PROBE GROUP, INC. v.                                    7
INNOVA ELECTRONICS CORPORATION

construed 'anomalous' to mean '[d]eviation/deviating from a model of typical, attack-free computer system usage'" and later clarified that the model "only uses attack-free data." *Id.* at 1369–70. However, on appeal, we recognized that "[t]he claims themselves show that the model can be built with both *attack-free* and *attack data*." *Id.* at 1370 (emphasis added). That is, in *Trustees of Columbia University*, we recognized that some dependent claims further limited the claimed scope to "attack-free" data while other dependent claims limited the claim scope to "attack data." We concluded that "because the dependent claims [in] patents are presumed to be narrower than the independent claims on which they depend, 'anomalous' cannot be read to limit the type of data used to model [] only attack-free data in the independent claims in the absence of other evidence rebutting the presumption." *Id.* Similarly, here, the district court improperly construed independent claim 1 to exclude "continuity" limitations included in dependent claims 10 and 12 that describe "continuity" as measurable. Independent and dependent claims must if possible be interpreted to be consistent with each other, so continuity must be construed to be measurable. We thus hold that the court erred in construing "continuity" as a parameter that is not measurable.

## CONCLUSION

We have considered Innova's remaining arguments but find them unpersuasive. For the foregoing reasons, we *vacate* the district court's decision denying a preliminary injunction and *remand* for further proceedings regarding whether Power Probe satisfied the requirements for a preliminary injunction.

## VACATED AND REMANDED

### COSTS

Costs are awarded to Power Probe.