UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| POWER PROBE GROUP, INC., )<br>　　　　Plaintiff, )<br>　vs. )<br>　 )<br>INNOVA ELECTRONICS CORPORATION, )<br>　 )<br>　　　　Defendant. )<br>　 )<br>＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿ ) | Case No.: 2:21-cv-00332-GMN-EJY<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss the First Amended Counterclaim, (ECF No. 34), filed by Plaintiff Power Probe Group, Inc. ("Plaintiff"). Defendant Innova Electronics Corporation ("Defendant") filed a Response, (ECF No. 47), to which Plaintiff filed a Reply, (ECF No. 51).

Also Pending before the Court is Defendant's Motion for Reconsideration of the Court's Minute Order granting Plaintiff's First Motion to Dismiss the Counterclaim, (Mot. Recon, ECF No. 48). Defendant's Motion for Reconsideration is identical to its Response to Plaintiff's Motion to Dismiss the First Amended Counterclaim, (*See* ECF No. 47; ECF No. 48). Plaintiff filed a Response to Defendant's Motion for Reconsideration, (ECF No. 53), to which Defendants filed a Reply, (ECF No. 55).

For the reasons discussed below, the Court **DENIES** Plaintiff's Motion to Dismiss and **DENIES** Defendant's Motion for Reconsideration.

I.　　　　**BACKGROUND**

On February 26, 2021, Plaintiff filed its Complaint against Defendant. (Complaint, ECF No. 1). On April 19, 2021, Defendant filed its Answer and Counterclaim. (Counterclaim, ECF No. 22). Plaintiff moved to dismiss Defendant's Answer and Counterclaim on May 10, 2021.

(Pl.'s First Mot. Dismiss ("MTD"), ECF No. 24). On May 25, 2021—one day after Defendant's response to Plaintiff's First Motion to Dismiss was due—Plaintiff filed a Notice of Non-Opposition. (Not. Non-Opposition, ECF No. 28). That same day, Defendant filed a "Notice of Intention to File Amended Counterclaim." (Not. File Am. Counterclaim, ECF No. 29). Defendant did not file a response to Plaintiff's Motion to Dismiss. On May 28, 2021, in accordance with this Court's Local Rules ("LR") 7-2(b) and (d), the Court granted Plaintiff's Motion to Dismiss as unopposed. (Order, ECF No. 32).

Defendant filed its First Amended Counterclaim ("FAC") on June 1, 2021, three days after the Court's Order. (FAC, ECF No. 34). Plaintiff filed a second Motion to Dismiss on June 4, 2021, (Pl.'s Second MTD, ECF No. 35), and Defendant filed a Motion for Reconsideration of the Court's Order (Mot. Recon., ECF No. 48).

## II.  LEGAL STANDARD

### A.  Motion to Dismiss

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

///

///

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

If a court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### B.     Motion for Reconsideration

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59 and 60. Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may, upon motion and just terms, "relieve a party . . . from a final judgment," on the ground that the "judgment is void[.]" Fed R. Civ. P. 60(b)(4). A judgment is "void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law." *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985). Additionally, under Rule

60(b), a court may relieve a party from a final judgment, order, or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).

### III.  DISCUSSION

The Court discusses the parties' motions in turn, beginning with Plaintiff's Second Motion to Dismiss.

#### A.  Plaintiff's Motion to Dismiss

Plaintiff's Second Motion to Dismiss does not allege any insufficiencies in Defendant's pleadings. Instead, Plaintiff contends that the Court's Order granting Plaintiff's First Motion to Dismiss was a dismissal "on the merits" and thus bars the Defendant from re-alleging the same causes of actions in its FAC. Thus, the pending Motion to Dismiss is premised on whether the Court's Order granting Plaintiff's First Motion to Dismiss was with or without prejudice.

Plaintiff's First Motion to Dismiss argued, among other things, that Defendant's Counterclaim should be dismissed under Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6)[1] because it is "unsupported by sufficient facts, are vague . . . and thus fail to state a claim for relied under *Twombly* and *Iqbal*." (*See* First MTD, ECF No. 24). Defendant declined to file a response to Plaintiff's First Motion to Dismiss, and instead noted that it intended to file an amended counterclaim. (*See* Not. File Am. Counterclaim, ECF No. 29). Pursuant to

///

///

---

[1] Fed. R. Civ. Pro. Rule 12(b)(6) states, "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may aster the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]"

LR 7-2(b) and (d),[2] the Court granted Plaintiff's First Motion to Dismiss as unopposed. In the Order, the Court noted that Defendant "has filed a Notice that it will amend its counterclaims." (*Id.*)

When granting a motion to dismiss, a court should provide leave to amend unless it is clear that the deficiencies of the pleading cannot be cured by amendment. *See* Fed. R. Civ. P. 15(a)(2); *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Moreover, the Ninth Circuit has held that "in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possible be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The Court made no determination on whether "the deficiencies" of Defendant's counterclaim could be cured by amendment. Indeed, the Order was based solely on Defendant's failure to timely file a response to Plaintiff's First Motion to Dismiss. Additionally, the Court expressly noted that Defendant "will amend its counterclaim." (*See* Order, ECF No. 32). Thus, Defendant was free to amend its counterclaim, which it had timely done. Accordingly, the Court DENIES Plaintiff's Motion to Dismiss.

**B.    Motion for Reconsideration**

Defendant argues that the Court's Order granting Plaintiff's First Motion to Dismiss was premature because Defendant still had time to file an amended counterclaim as a matter of right under FRCP Rule 15(a)(1)(B).[3] Additionally, Defendant contends that the Court erred in ruling

---

[2] Pursuant to LR 7-2(d), "The failure of an opposing party to file points and authorities in response to *any* motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, *constitutes a consent to the granting of the motion*." (Emphases added.)

[3] Fed. R. Civ. Pro. Rule 15(a)(1)(B) states, "A party may amend its pleading once as a matter of course . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

that Plaintiff's First Motion to Dismiss was unopposed because LR 7-2 is inconsistent with FRCP 15(a)(1)(B), and thus inapplicable.

Under LR 7-2(b), "the deadline to file and serve any points and authorities in response to [a motion to dismiss] is 14 days after service of the motion." Defendant conflates its requirement to respond to Plaintiff's First Motion to Dismiss with its right to amend under FRCP Rule 15(a)(1)(B). In other words, Defendant was *required* to respond to Plaintiff's first Motion to Dismiss under LR 7-2 unless Defendant consented to the granting of the motion. On the other hand, Defendant was *permitted*, but not required, to file an amended counterclaim as a matter of right within 21 days of receiving Plaintiff's First Motion to Dismiss. *See* Fed. R. Civ. Pro. Rule 15(a)(1)(B). As such, LR 7-2 and FRCP Rule 15(a)(1)(B) are not in contention here; Defendant's decision to amend its counterclaims did not usurp its requirement to file a response to Plaintiff's First Motion to Dismiss if Defendant did not consent to the granting of the motion.

Defendant additionally argues that the Court should have construed its "Notice of Intention to File Amended Counterclaim" as a response to Plaintiff's First Motion to Dismiss. (See Response, ECF No. 47). However, the Notice provided no legal points or authorities directly responsive to Plaintiff's arguments in its First Motion to Dismiss. At most, it put the Court on notice that Defendant had intended to amend its counterclaim, which the Court expressly noted in its Order. (*See* Order, ECF No. 32). Moreover, even if the Court construed the Defendant's Notice as a response to Plaintiff's First Motion to Dismiss, the response was untimely under LR 7-2(d). Defendant had until May 24, 2021, to submit its response to Plaintiff's First Motion to Dismiss but filed its Notice on May 25, 2021. Defendant provided no justification for why this Court should consider its untimely filing. Accordingly, the Court DENIES Defendant's Motion for Reconsideration.

///

///

IV.         **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss the Amended Counterclaim, (ECF No. 35), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration of the Court's Order, (ECF No. 48), is **DENIED**.

**DATED** this __17__ day of April, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT