UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| POWER PROBE GROUP INC., | Case No. 2:21-cv-00332-GMN-EJY |
| Plaintiffs/Counter-Defendants, | |
| v. | **ORDER** |
| INNOVA ELECTRONICS CORPORATION, | |
| Defendant/Counterclaimant. | |

Pending before the Court is Power Probe Group, Inc.'s Motion to Strike Affirmative Defenses. ECF No. 193. Also Pending is Innova's Motion for Leave to File Sur-Reply. ECF No. 199. The Court reviewed these Motions, the Oppositions and Replies. The Court heard oral arguments regarding the Motion to Strike on October 30, 2023. ECF No. 207. The Court also reviewed and compared Power Probe's original Complaint (ECF No. 1) to Power Probe's First Amended Complaint (the "FAC" at ECF No. 139), and Innova's Answer, Affirmative Defenses, and Counterclaims to Power Probe's original Complaint (ECF No. 22) to Innova's Answer, Affirmative Defenses, and Counterclaims to Power Probe's FAC (ECF No. 189). The parties and the Court are well versed in the facts and disputes underlying this litigation. Thus, they are not repeated here. The Court further reminds the parties that while courts have the authority to grant a motion to strike under Federal Rule of Civil Procedure 12(f), whether to do so is a matter of discretion. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

**I.     Discussion**

    a.    <u>The Moderate Approach to Amending Affirmative Defenses When Responding to an Amended Complaint.</u>

The Court reviewed case law and concludes the "moderate approach" is the best method for determining whether new affirmative defenses pleaded in response to an amended complaint may proceed. As explained in *Coppola v. Smith*, Case No. 1:11-CV-1257 AWI BAM, 2015 WL 2127965, at *2 (E.D. Cal. May 6, 2015) (internal citation omitted), the "moderate approach" is the

1

most commonly adopted approach by district courts in the Ninth Circuit. The "moderate approach" permits a defendant to file an amended answer and affirmative defenses without leave of court so long as the amended complaint changed a theory or scope of the case and then only to the extent reflecting the breadth of those changes. The Court finds the "moderate approach" persuasive as it prevents potential for abuse when ministerial changes to a complaint are made or the changes do not otherwise alter the substance or theories of the claims asserted. *Id*. at 3.

      b.     Summary of Issues and Arguments.

Power Probe's December 8, 2021 FAC includes two new allegations, including willful infringement and the Doctrine of Equivalents (sometimes the "DOE"). The willful infringement claim rests on Innova's alleged knowledge of U.S. Patent No. 7,184,899 (the "899 Patent") demonstrated "by … [Innova] directly competing with Power Probe," "no later than August 6, 2019." ECF No. 139 ¶¶ 46, 52. The DOE claim is supported by Power Probe's contention that if "the Court adopts Defendant's proposed construction of 'processor,' 'measurement,' 'electrical system,' 'input signal,' 'output signal,' 'reading,' or 'keypad,'" the Innova "Accused Product would still satisfy the corresponding limitations under the doctrine of equivalents." *Id*. ¶ 59.

Power Probe's Motion to Strike focuses on Innova's Second, Third, Fourth, and Fifth Affirmative Defenses asserted in Innova's Answer to the FAC. Specifically, Innova adds 35 U.S.C. § 101 ("§ 101") in its Second and Third Affirmative Defenses, and alleges a new art reference—"US20030128036" (the "'036 Reference" or the "New Art Reference")—in its Third, Fourth, and Fifth Affirmative Defenses. Power Probe asks the Court to strike all these allegations from Innova's affirmative defenses. While Power Probes advances several side arguments in its Motion, some of which are touched on below, Power Probe contends the addition of a willful violation allegations expands damages only and the addition of the DOE is neither a change to the scope nor theory of the case. Innova counters that the addition of § 101, and the '036 Reference do not exceed the expanded scope of Power Probe's new allegations averring the new defenses relate directly to the invalidity of the 899 Patent, which is a defense "Innova has asserted since the beginning of this litigation." ECF No. 195 at 5. Innova states § 101 and the '036 Reference respond to Power Probe's new allegations under the DOE. *Id*. at 7, 10. Innova says, alternately, that (1) the '036 Reference is

"newly discovered," (2) the "'036 Reference was cited against … Power Probe's related patent application" in July 2014 (*id*. at 7 and 7 n.3), (3) Power Probe's changes to the allegations presented in the FAC are broad, and (4) Innova's defenses have been known to Power Probe for a long time. *Id*. at 8.

        c.    <u>The Doctrine of Equivalents, Defendant's '036 Amended Affirmative Defenses, and the Moderate Approach</u>.

The initial issue before the Court is whether, under the moderate approach, the '036 Reference is responsive to changes in the scope of the Complaint as stated in Power Probe's FAC.[1] While several cases published by U.S. District Courts within the Ninth Circuit hold the DOE is not a separate cause of action for patent infringement, but a theory that is an alternative to literal infringement, changes in the District of Nevada's Local Patent Rules and more recent case law cast doubt on this proposition as it is applied in this District.

An assertion of "[l]iteral infringement requires the patent holder to show that the 'claim reads on the accused device exactly.'" *Telesign Corp. v. Twilio, Inc.*, Case No. CV 16-2106 PSG (SSX), 2016 WL 11746746, at *2 (C.D. Cal. Nov. 7, 2016) *citing Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995). "In contrast, the doctrine of equivalents allows a patent claim to proceed if the two products 'work in substantially the same way, and accomplish substantially the same result … even though they differ in name, form, or shape.'" *Id. citing Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 35, (1997) (further citation omitted). After recognizing courts outside of the Ninth Circuit are split regarding whether a patent holder must explicitly plead a DOE cause of action, the court in *Telesign* found "a claim under the doctrine of equivalents overlaps with a claim for literal infringement" and, therefore, may proceed without "multipl[ing]

---

[1] Innova's Opposition to Power Probe's Motion to Strike does not mention, let alone state, that either of its new affirmative defenses are responsive to Power Probe's willful violation allegations. ECF No. 195, *generally*. This position was confirmed by counsel primarily responsible for arguing on behalf of Innova on October 30, 2023. ECF No. 213 at 32-33 (Counsel for Innova: "I don't think willfulness is as much in play here. Our affirmative defenses are more directed at the doctrine of equivalents invocation."). The Court recognizes that Mr. Beem, who was not responsible for the primary arguments made on behalf of Innova, added late in the argument that the '036 reference was responsive to willfulness; however, his argument consisted of following: "if Innova does not infringe the asserted patent, then as a matter of law there is no willfulness." ECF No. 213 at 33. The Court finds Innova fails to support the contention that the '036 reference respond to Power Probe's willfulness violation. Thus, the Court focuses on the addition of the DOE to Power Probe's FAC.

discovery." 2016 WL 11746746, at *3.  Further, ten years ago, one court in the District of Nevada stated, "that the doctrine-of-equivalents theory is not a new claim that need even be added by amendment to either the Complaint or the [infringement] contentions" because the DOE "is simply an alternate way to prove the infringement claims." *Ferring B.V. v. Watson Laboratories, Inc.*, Case No. 3:11-CV-00481-RJC-VPC, 2013 WL 2325111, at *2 (D. Nev. May 28, 2013).  The court in *Ferring* went on to state "the doctrine of equivalents is not a separately cognizable cause of action that need be (or can be) separately pled, but a legal theory that may aid a plaintiff in proving his claim." *Id*. *See also Preservation Technologies LLC v. MindGeek USA Inc.*, Case No. CV 17-8906-DOC (JPRx), 2019 WL 3213585, at *3 (C. D. Cal. Apr. 2, 2019) ("The Court agrees with the line of cases holding that Plaintiff need not specifically plead infringement under the doctrine of equivalents.").

More recently, however, the District of Nevada ruled on a motion in limine seeking to preclude the plaintiff from offering evidence in support of infringement based on the DOE. *Composite Resources Inc. v. Recon Medical LLC*, Case No. 2:17-CV-01755-MMD-VCF, 2021 WL 5501104, at *4 (D. Nev. Nov. 22, 2021).  The court in *Composite* noted the holding in *Ferring*, but found the Local Patent Rules, effective after *Ferring*, require plaintiffs to disclose "whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents …" *Id*. *citing* District of Nevada LPR 1-6(e).[2]  The plaintiff in *Composite Resources* had not adequately disclosed limitations under the DOE thus leading the court to grant the defendant's motion in limine. *Id*.

The decision in *Composite* demonstrates that under U.S. District Court for the District of Nevada Local Patent Rules the failure to properly identify infringement under the DOE in a patentee's disclosures required by LPR 1-6(e) will result in an inability to introduce evidence in support of infringement under the DOE.  This holding, together with the plain language of LPR 1-6(e), strongly suggests that amending a pleading to include allegations under the DOE is something

---

[2]   LPR 1-6 states in pertinent part that the "party claiming patent infringement must serve on all parties a Disclosure of Asserted Claims and Infringement Contentions … [that] must contain the following information: … (e) Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality."

4

more than an insignificant change to the scope or theory of a case. If this were not the case, and if the DOE is subsumed by a literal infringement allegation, then there would be no need to articulate whether each limitation of each asserted claim is present under the doctrine of equivalents as LPR 1-6(e) requires. As one court in the Northern District of California observed, "[b]y amending … infringement contentions to include new doctrine of equivalent allegations, … [the patentee] has expanded the scope of what it asserts is claimed by the patents. Therefore, amendment of … [the alleged infringer's] invalidity contentions to address this newly asserted scope is proper." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, Case No. C 12-05501 SI, 2014 WL 1648175, at *2 (N.D. Cal. Apr. 23, 2014) (internal citation omitted).

The Court is aware of *Kreidler v. Pixler*, Case No. C 06-0697-RSL, 2009 WL 529590, at *2 (W.D. Wash. Mar. 2, 2009), relied on by Power Probe; however, in that case defendant "concede[d] that plaintiff's amendments did not change the theory or scope of the case …." It was this concession that foreclosed the application of the "moderate approach" and led to the application of Federal Rule of Civil Procedure 15(a)(2) and its standard for amendments to pleadings. *Id*. Moreover, to the extent Power Probe points to Innova's initial and amended LPR invalidity contentions filed in July 2021 and August 2021 respectively, each of which failed to identify the '036 Reference (ECF Nos. 59 and 70-2), these filings occurred before October 2021 when Power Probe sought to amend its Complaint to include a DOE allegation (ECF No. 111).

Local Patent Rule 1-8(b) requires Innova to file "[a] detailed description of the factual and legal grounds for contentions of invalidity, if any, including an identification of the prior art relied upon and where in the prior art each element of each asserted claim is found." Innova says the '036 Reference is "newly discovered," which could, at least potentially, explain why this prior art was not identified in July or August 2021. However, Innova fails to support its assertion with facts, a problem given Innova's admission that the "'036 Reference was cited against … Power Probe's related patent application" in July 2014. ECF No. 195 at 7 and 7 n.3. Indeed, Innova also says "there is nothing 'new' about the '036 Reference.'" *Id*. at 12.

Taken together, the Court finds the addition of the DOE allegations in Power Probe's FAC is a change in the scope of Power Probe's claims sufficient to allow Innova to amend its Answer to

match the breadth of that change. However, whether the addition of prior art, which Innova states is long known to exists, responds to this change or is an attempt by Innova to amend without application of Fed. R. Civ. P. 15 is a separate question. Given (1) the lack of any facts supporting that Innova made a "new" discovery of prior art, (2) Innova asserted and identified various prior art as affirmative defenses to Power Probe's original Complaint (ECF No. 22, Third and Fourth Affirmative Defenses at 25), and (3) Innova fails to explain why the '036 Reference was not raised at any time in any filing prior to the response to the FAC, it is not at all clear that Innova offers the '036 Reference solely in response to the DOE allegation in Plaintiff's FAC and not as an amendment requiring consideration of Rule 15. For this reason, the Court applies the Rule 15(a)(2) rubric to determine whether the amendment should be allowed.[3]  *See Kreidler*, 2009 WL 529590, at *2.

d. Application of Fed. R. Civ. P. 15 to Defendant's New Art Reference.

Under Fed. R. Civ. P. 15(a) a party may amend a pleading once as a matter of course within 21 days of service or, if the pleading is one to which no response is required, 21 days after service of a motion under Rule 12(b), (e), or (f).[4] "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* Here, there was obviously no agreement allowing Innova to file amended affirmative defenses.

Ninth Circuit case law makes clear that leave should be denied where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakama Indian Nation v. Washington Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir.1999)). Power Probe's Motion to Strike Innova's Second, Third, Fourth, and Fifth amended Affirmative Defenses, gives short shrift to Rule 15 considerations. ECF No. 193 at 11. In fact, the Motion does not mention futility or bad faith.

---

[3] Interestingly, Innova states that Power Probe "has continued to evolve its allegations, and when it amended its Complaint, it drew into play Fed R. Civ. P. 15. The Local Patent Rules are not intended to trump Fed R. Civ. P. 15 or to require an endless loop of iterations or reiterations of LPR contentions." ECF No. 195 at 7 n.4.

[4] Innova argues its Answer, counterclaims, and affirmative defenses to Power Probe's FAC is not a pleading. ECF No. 195 at 9 n.6. The Court rejects this assertion. *See Synopsys, Inc. v. Magma Design Automation, Inc.*, Case No. C 04-3923 MMC, 2005 WL 8153035 (N.D. Cal. Oct. 19, 2005) (agreeing with the decision in *Wechsler v. Hunt Health Systems, Ltd.*, 186 F.Supp.2d 402, 415 (S.D.N.Y. 2002) ("holding where defendant asserted new … affirmative defenses that were not in response to amendments in amended complaint, defendant was required to seek leave to include such … affirmative defenses in answer to amended complaint").

*See id.*, *generally*. However, in Reply (and at oral argument) Power Probe raised futility[5] and bad faith to which Innova had the opportunity to respond. The Court rejects Plaintiff's arguments.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) (internal quotations omitted). Power Probe's first futility argument lacks merit. In essence, Power Probe argues that futility is demonstrated by virtue of other elements the Court considers when amendment is sought, which elements are not met by Innova. This contention misapplies the futility standard established by the courts. Power Probe's second argument fails because it presumes Innova will not be allowed to amend its invalidity contentions to state the contention raised as affirmative defenses. While the Court agrees that Innova must add its new prior art reference to its non-infringement and invalidity contentions under LPR 1-8(e), Power Probe must also add its DOE assertion to its infringement contentions under LPR 1-6(e). Power Probe has stated its potential intention to do so after the *Markman* Order is issued. ECF No. 114-2. Thus, if Power Probe seeks and is granted amendment, the Court cannot agree Innova will be unable to similarly seek to amend its invalidity contentions in response. *Verinata Health*, 2014 WL 1648175, at *2.

Power Probe also avers Innova's bad faith is demonstrated by Innova's "intent to circumvent the Local Patent Rules …." ECF No. 198 at 15. Bad faith includes a broad range of willful improper conduct and may be characterized by a party acting for an improper purpose. *See Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). Based on the record before me, the Court finds insufficient evidence to support a conclusion that Innova acted in bad faith.

More specifically, this case has a complicated history that is supplemented by the recent second appeal to the Federal Circuit related to Power Probe's Motion for Preliminary Injunction. ECF No. 209. The present appeal will delay the *Markman* hearing recently set by the Court for January 2024. ECF No. 204. The (1) first appeal, (2) the subsequent reconsideration of the Court's

---

[5] The Reply in support of the Motion to Strike states: "permitting Defendant to add its new invalidity theories here would be futile, given that Defendant cannot justify its lengthy delay or otherwise establish good cause." ECF No. 198 at 15. Power Probe also states, "adding new affirmative defenses to Defendant's Answer would be futile because those same invalidity theories stand no chance of being granted as amendments to Defendant's invalidity contentions, absent which they will not be part of Defendant's case." *Id*. at 17.

Order regarding preliminary injunction, (3) the second appeal, and (4) the appellate process all have delayed and will continue to delay these proceedings.  But this delay is not only caused by the parties except to the extent they are vigorously asserting their respective positions and analyses of legal issues applicable to disputed facts.  Innova did not seek to amend its affirmative defenses out of the blue, but in response to Power Probe's FAC.  While the Court questions whether the addition of the '036 Reference is "newly" discovered and, therefore, why this prior art was not asserted in response to Power Probe's original Complaint or in Innova's invalidity contentions, these questions do not demonstrate that Innova's current amended affirmative defenses to Power Probe's FAC are asserted in bad faith.

With respect to delay and prejudice, Power Probe's Motion argues: "the prejudice to Power Probe is manifest.  Rule 8(c), together with the Local Patent Rules, function in tandem to dictate the narrowing of issues and allow Power Probe to develop its litigation strategy and defend the validity of the '899 Patent. Without those rules, and without adherence to the Court's Scheduling Order, Power Probe would be in the dark.  The injection of the '036 Reference … defense at this stage would have broad implications including, e.g., claim construction, discovery, and also affect Power Probe's overall response to Innova's other asserted prior art references, not to mention that it would further increase Power Probe's costs and expenditures in enforcing its patent rights." ECF No. 193 at 11-12. In its Reply, Power Probe cites the following cases with attendant parentheticals in support of its prejudice argument: *Estech Sys. IP, LLC v. Mitel Networks, Inc.*, Case No. 2:21-CV-00473-JRG-RSP, 2023 WL 3262035, at *3 (E.D. Tex. May 4, 2023) ("A late amendment to invalidity contentions undoubtedly prejudices [plaintiff]"); *Abbott Diabetes Care Inc. v. Roche Diagnostics Inc.*, Case No. C 05-03117 MJJ, 2007 WL 2221029, at *2 (N.D. Cal. July 30, 2007) (finding prejudice where two months remained in discovery); *Allure Energy, Inc. v. Nest Labs, Inc.*, 84 F.Supp.3d 538, 542 (E.D. Tex. 2015) ("delay in correcting the Invalidity Contentions until all crucial pre-Markman deadlines had passed, makes it unfair prejudice"); *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co. Ltd.*, Case No. 4:14-CV-371, 2016 WL 3854700, at *2 (E.D. Tex. Mar. 28, 2016) ("clear that amendments to invalidity contentions after parties have disclosed and argued for their claim constructions positions is prejudicial."). ECF No. 198 at 11.

A review of each of these cases demonstrates the courts were considering amendments to infringement or non-infringement contentions, not motions to amend pleadings.[6] Here, unlike each of these cases, Power Probe amended its complaint to include the DOE and has stated an intent to seek to amend its contentions after the *Markman* Order issues. ECF No. 114-2 at 2. Although Power Probe has not yet sought to amend its contentions given no *Markman* hearing has been held, the reasonable and rational expectation is that if Power Probe is granted the opportunity to amend is infringement contentions to include the DOE, Innova will be given a similar opportunity to respond with amended invalidity contentions. *Verinata Health*, 2014 WL 1648175 at *2. Further, the standard for amending a pleading, including amending affirmative defenses, is far more lenient than the standard for amending invalidity contentions. *Kruse Technology Partnership v. DMAX, Ltd.*, Case No. SACV 09-00458-JVS (RNBx), 2009 WL 10674462, at *2 (C.D. Cal. Dec. 21, 2009) (agreeing that amendment to infringement contentions should be held to a stricter standard than amendment to pleadings); *LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002) (citation omitted) (in contrast to the more liberal standard for amending pleadings, "the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction.").

In sum, and based on the foregoing, the Court finds Innova's assertion of the '036 Reference in its affirmative defenses is not barred by the standard applicable under Rule 15(a)(2).

e.   <u>Innova's Addition of 35 U.S.C. § 101 to its Affirmative Defenses</u>.

Innova asserts § 101 in its Second and Third amended Affirmative Defenses is responsive to Power Probe's new theory of the doctrine of equivalents. The Court disagrees. While § 101 is appropriately raised as a defense to a patent infringement claim, *MySpace, Inc. v. GraphOn Corp.*, 672 F.3d 1250, 1261 (Fed. Cir. 2012), this affirmative defense is directed to the "eligibility of patent

---

[6] In Reply Power Probe also argues that given Innova's lack of diligence the Court need not reach the issue of prejudice. ECF No. 198 at 16 *citing O2 Micro Int'l Ltd. v. Monolithic Power Syst. Inc.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006). However, the argument is not well developed and fails to address that between the filing of the FAC on December 8, 2021 and June 1, 2022, this matter was stayed. The day after the lifting of the stay, Innova filed its Motion to Dismiss the FAC. Thereafter, supplemental briefing on Power Probe's Motion for Preliminary Injunction was ordered and a hearing was held addressing a pre-stay motion to compel and motion to amend infringement contentions. While knowledge of the '036 reference *may* have existed before the Motion to Dismiss the FAC was denied, the Court's analysis of diligence does not bar consideration of prejudice.

9

subject matter" and "whether the claims at issue are directed to a patent-ineligible concept." *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014) *citing Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 566 U.S. 66, 77-78 (2012). Said slightly differently, a § 101 affirmative defense is a threshold "patent-eligibility inquiry," *CardioNet, LLC v. InfoBionic, Inc.*, 955 F.3d 1358, 1373 (Fed. Cir. 2020) (internal citation omitted), whereas §§ 102 and 103 asserted by Innova as defenses Answer to Power Probe's original Complaint (ECF No. 22 at 24-25) focus "on the novelty requirement for patents," and "the non-obviousness requirement …." respectively. *Alfa Leisure, Inc. v. King of the Road*, Case No. EDCV 01-796-RTSGX, 2004 WL 1375684, a t * 2 (C.D. Cal. Apr. 7, 2004). The doctrine of equivalents evaluates infringement, not patentability. *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 599 F.3d 1308, 1312 (Fed. Cir. 2009); *Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1139 (Fed. Cir. 2004). Thus, Innova's assertion of § 101 affirmative defense does not respond to Power Probe's DOE assertion in its FAC.[7]

Moreover, whether the assertion of this affirmative defense is prejudicial based on substantial delay is readily apparent. The § 101 affirmative defense has been available to Innova since the inception of this case. There is no doubt that Innova was aware of its option to challenge the eligibility of Power Probe's product for patent protection since the beginning of the case. There is no reason this defense could not have been asserted in Innova's Answer to Power Probe's original Complaint or in the initial and then amended invalidity contentions. That is, there is no argument that this defense is "newly" discovered or is responsive to the DOE, nor could it be. Said simply, the delay in asserting a § 101 defense is void of explanation.

Given the § 101 defense does not address new allegations in Power Probe's FAC, the Court finds the late addition of this defense theory cannot be justified and Power Probe's Motion to Strike this affirmative defense is granted.

---

[7] For the sake of completeness, the Court also notes that a willful patent infringement claim requires Power Probe to prove Innova's knowledge of the patent and knowledge of infringement. *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages."). The Court of Appeals for the Federal Circuit stated: "To establish willfulness, the patentee must show the accused infringer had a specific intent to infringe at the time of the challenged conduct." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987–88 (Fed. Cir. 2021). Thus, like the inapplicability of a § 101 affirmative defense to the DOE, § 101 is inapplicable to a willful infringement claim.

## II. Order

Based on the foregoing, IT IS HEREBY ORDERED that Power Probe's Motion to Strike (ECF No. 193) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the Motion to Strike is GRANTED to the extent Innova's assertion of 35 U.S.C. § 101 is struck.

IT IS FURTHER ORDERED that the Motion to Strike is DENIED to the extent Innova's assertion of additional prior art—"US20030128036"—may proceed as part of Defendant's affirmative defenses.

IT IS FURTHER ORDERED that Innova's Motion for Leave to File Sur-Reply (ECF No. 199) is DENIED as moot.

Dated this 14th day of November, 2023

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE