1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

POWER PROBE GROUP INC. and
POWER PROBE TEK, LLC,

        Plaintiffs/Counter-
        Defendants,

    v.

INNOVA ELECTRONICS CORPORATION,

        Defendant/Counterclaimant.

Case No. 2:21-cv-00332-GMN-EJY

**ORDER**

11      Pending before the Court is the Joint Status Report Regarding Discovery. ECF No. 252.

12 Also before the Court is Innova's sealed submission of three emails for *in camera* review. ECF No.

13 254. The Court considered these filings as well as the history underlying the Status Report and

14 submission.

15      As the parties know, there was previous briefing and substantial oral argument regarding

16 Defendant's discovery of the '036 Reference, which Plaintiff contends Defendant should have

17 discovered in March 2022. Plaintiff says Defendant failed to conduct a diligent search of prior art.

18 Plaintiff requests a three hour deposition of Defendant's in-house counsel "to investigate, *inter alia*,

19 the timing of" the three emails listed on Defendant's privilege log given that the first two emails are

20 dated March 31, 2022 and the third is dated February 15, 2023—the date on which the '036

21 Reference was discovered.

22      Defendant contends that with the production of the privilege log and supplemental responses

23 to Plaintiff's Interrogatory Nos. 12 and 13, Plaintiff now knows:

24      (1) scope of Defendant's initial prior art searches when the case began, including

25 methodology of the initial and subsequent searches; (2) date when Defendant
identified another of Plaintiff's patent applications and instructed outside counsel

26 to research the same; (3) date when Defendant received additional information from
outside counsel that identified the '036 Reference; (4) who decided to conduct the

27 search; (5) what was learned in those search efforts, including Plaintiff's patents
and applications that cited to the '036 Reference, which have been identified and

28 produced; (6) the reason for subsequent searches, e.g., Plaintiff's everexpanding
theories of infringement, now pleaded to include the doctrine of equivalents

1

1   ("DOE"), even though Plaintiff itself still has yet to request amendment of its own
2   LPR 1-6 infringement contentions; and, (7) the individuals involved in Defendant's
    search efforts.

3   ECF No. 252 at 5-6.  Defendant further contends there is no lack of diligence as "neither the

4   prosecution history of Plaintiff's '899 patent, nor the USPTO Examiner … cited to the '036

5   Reference that Defendant" discovered in February 2023.  Defendant argues that Plaintiff knew of

6   the '036 Reference for years, but produced no documents identifying the Reference; nor did Plaintiff

7   cite the Reference "as part of the patent prosecution resulting in the '899 patent-in-suit."  *Id*. at 6-7.

8           While the Court previously found Defendant put the discovery of the '036 Reference at issue,

9   and therefore ordered production of the privilege log (while indicating a willingness to allow

10  additional discovery that might invade fact work product), Plaintiff has not demonstrated the

11  "substantial need" for the work product it seeks at this time.  The Court finds that Plaintiff has not

12  shown that either the deposition of Defendant's in-house counsel or disclosure of the three emails

13  are (1) "essential elements" of Plaintiff's "prima facie case" (*Continental Circuits LLC v. Intel*

14  *Corporation*, 435 F.Supp. 3d 1014, 1023 (D. Ariz) *citing* 6 Moore's Federal Practice - Civil § 26.70

15  (2019)) or (2) "crucial to the determination of whether the defendant could be held liable for the acts

16  alleged, or carries great probative value on contested issues …."  *Id. quoting Nevada v. J-M Mfg.*

17  *Co.*, 555 Fed.Appx. 782, 785 (10th Cir. 2014).  To the extent Plaintiff seeks to corroborate the

18  evidence it has, this is insufficient to establish substantial need.  *Fletcher v. Union Pac. R.R. Co.*,

19  194 F.R.D. 666, 671 (S.D. Cal. 2000) (citing 6 James Wm. Moore et al., Moore's Federal Practice §

20  26.70[5][c], at 26-221 to 26-222 (3d ed.1999)).

21          The above finding is without prejudice.  This case has had numerous twists including two

22  appeals, the second of which remains pending before the Federal Circuit.  At such time, if any, there

23  is an effort by Defendant to amend invalidity contentions, Plaintiff may renew its request to invade

24  work product, and potentially privilege, through the disclosure of the emails and a deposition of

25

26

27

28

1  Defendant's in-house counsel.  However, at this juncture, reading and considering all that has come

2  before the Court, substantial need is not present.

3      So ordered this 21st day of November, 2024.

4

5                  _____

                ELAYNA J. YOUCHAH

6                  UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28