1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

POWER PROBE GROUP, INC.,

                      Plaintiff,

        vs.

INNOVA ELECTRONICS CORPORATION,

                      Defendant.

Case No.: 2:21-cv-00332-GMN-EJY

**ORDER GRANTING DEFENDANT'S EMERGENCY MOTION TO AMEND (ECF No. 272) AND DENYING PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE UNDISCLOSED EXPERTS (ECF No. 271)**

Pending before the Court are Defendant Innova Electronics Corporation's ("Defendant") Emergency Motion to Amend or Confirm Sufficiency of the LPR 1-15 Statement to Permit Non-Testimonial Technology Tutorial Presentation by Dr. Mark Ehsani ("Emergency Motion to Amend") (ECF No. 272) and Plaintiff Power Probe Group, Inc.'s ("Plaintiff") Motion *in Limine* to Exclude Undisclosed Experts from Participating in the Claim Construction Hearing and Patent Tutorial ("Motion to Exclude") (ECF No. 271). For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Amend and **DENIES** Plaintiff's Motion to Exclude.

While separate motions, the Court considers Defendant's Emergency Motion to Amend to function as a response to Plaintiff's Motion to Exclude. Plaintiff's primary argument in its Motion to Exclude is that Defendant had not included Dr. Mark Ehsani in its LPR 1-15 Joint Claim Construction and Prehearing Statement ("LPR 1-15 Statement"), an omission which Defendant's Emergency Motion to Amend seeks to cure. (Motion to Exclude, ECF No. 271-2). Defendant cites the "substantial procedural developments, including two appeals, extended periods of inactivity, and multiple scheduling resets" as supporting good cause for an amendment to the LPR 1-15 Statement to substitute a presenting expert witness for the technology tutorial. (Emergency Motion to Amend, ECF No. 272-5). This Court agrees and finds that good cause for the amendment is shown.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. Defendant's Emergency Motion to Amend is **GRANTED**, and the LPR 1-15 Statement is deemed amended to identify Dr. Mark Ehsani as the presenter of Defendant's technology tutorial.

2. Dr. Ehsani is permitted to present Defendant's technology tutorial live at the hearing scheduled for October 14, 2025.

3. Plaintiff's Motion to Exclude is **DENIED**.

4. Dr. Ehsani is advised that mention of the accused products during claim construction is not permitted. *See SRI Intern. v. Matsushita Elec. Corp. of America*, 775 F.2d 1107, 1118 (Fed. Cir. 1985) (en banc) ("A claim is construed in the light of the claim language, the other claims, the prior art, the prosecution history, and the specification, not in light of the accused device."). The words of each claim must be construed "independent of the accused product." *Scripps Clinic & Research Foundation v. Genentech, Inc.*, 927 F.2d 1565, 1580 (Fed. Cir. 1991).

**IT IS SO ORDERED**.

Dated this __12__ day of September, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court